UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/18/19

EATON PARTNERS, LLC,

        Petitioner,

-against-

AZIMUTH CAPITAL MANAGEMENT IV, LTD.,

        Respondent.

**AMENDED
OPINION AND ORDER**
18 Civ. 11112 (ER)

Ramos, D.J.:

    This dispute centers on a placement agreement ("Placement Agreement") between Eaton Partners, LLC ("Eaton"), an investment placement agent, and Azimuth Capital Management IV, Ltd. ("Azimuth"), a private equity fund manager. Eaton filed a demand for arbitration alleging that Azimuth breached the Placement Agreement by failing to pay Eaton certain fees and accrued interests. Prior to the first arbitration hearing, one of Azimuth's witnesses became unavailable due to the sudden death of his father. Eaton expressed concerns about adjourning the hearing and indicated video testimony might work as an alternative, which the Arbitrator agreed made sense. Azimuth also considered video testimony as an option but asked for time to speak with the witness. The following day, Azimuth withdrew the witness and proceeded with the case. At a subsequent hearing, Azimuth sought to introduce a new rebuttal witness that was not on the witness list. Eaton objected and the Arbitrator denied Azimuth's request.

    At the conclusion of the hearing, the arbitrator issued an Opinion and Award ("Award") in favor of Eaton. Eaton filed a petition to confirm the Award ("Petition") with this Court, but Azimuth filed the instant motion to vacate it, arguing that the arbitrator was guilty of misconduct for failing to postpone the hearing when their witness became unavailable and refusing to accept

the additional witness's testimony. Azimuth further alleges that judgment should be entered in their favor. For the following reasons, the Award is CONFIRMED and Azimuth's motion to vacate the Award is DENIED.

## I. BACKGROUND

Eaton is a Connecticut limited liability company. Doc. 1 ¶ 1. Azimuth is a Canadian company. *Id.* ¶ 2. Jurisdiction is based on diversity, pursuant to 28 U.S.C. § 1332(a)(2), and venue is proper under in this District pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 9. *Id.* ¶ 3.

On May 22, 2014, Eaton and Azimuth entered into a written Placement Agreement for investor placement services, which included a clause for arbitration in New York. *Id.* ¶ 5; Doc. 28, 1. Eaton was to increase Azimuth's assets, expand Azimuth's investor base, and attract new investors to Azimuth. Doc. 20, 3. The Placement Agreement contained several provisions that governed the parties' contractual relationship; two that bear directly on the dispute at hand are a "best efforts" and an exclusivity clause. *Id.* at 4. The Placement Agreement provided in relevant part that, "In acting as the exclusive placement agent for the Private Placement[,] Eaton shall seek capital commitments to the Fund on a best efforts basis." Doc. 1, Ex. 1 at 1.

From December 2014 through December 2016, Azimuth paid Eaton in installments according to the Placement Agreement. Doc. 28, 2. But in January 2017, Azimuth stopped paying. *Id.* Azimuth was concerned because Eaton was also representing Azimuth's competitor, Lime Rock Partners. Doc. 20, 7. On or about November 27, 2017, Eaton commenced an arbitration proceeding against Azimuth. Doc. 28, 2. Azimuth filed counterclaims in the arbitration for breach of contract, alleging that Eaton was precluded from promoting a competing fund during the term of the Placement Agreement with Azimuth. *Id.*

On March 7, 2018, the Arbitrator, Stephanie Cohen ("Arbitrator" or "Arbitrator Cohen"), entered Procedural Order No. 2, with the approval of the parties, which required each party to submit a list of all fact witnesses reasonably expected to be called at the hearing by August 24, 2018. *Id.* at 3; Ex. 5. On August 13, 2018, the Arbitrator entered Procedural Order No. 4, with approval from the parties, which prescribed the conduct of the evidentiary process. *Id.* at 3; Ex. 6. Procedural Order No. 4 provided for limited rebuttal witness testimony, as they would only be permitted in the Arbitrator's discretion for good cause, such as responding to new allegations that were not reasonable anticipated. *Id.* at 3.

On August 24, 2018, Azimuth disclosed three witnesses: Frank Mele ("Mele"), a partner at Azimuth, Jeff van Steenbergen ("Van Steenbergen"), Azimuth's co-founder and managing partner, and Jason Montemurro ("Montemurro"), a partner at Azimuth. Doc. 28, 3; Ex. 8. Prior to the first Arbitration hearing on September 6, 2018, Montemurro suddenly became unavailable because his father passed away. Doc. 20, 6. Montemurro was to testify about "Eaton's performance of the Agreement, including any efforts Eaton made regarding the limited partners which invested in the Azimuth Fund." Doc. 28, Ex. 8 at 3. Mele and Van Steenbergen were also to testify on the same topic plus additional ones, such as similarities between Azimuth and Lime Rock Partners and discussions with Eaton about investors. *Id.* at 1–2.

The hearing transcript shows that Eaton was concerned about adjourning the hearing because of the large preparation costs to both clients. Doc. 28, Ex. 4 at 5–6. Azimuth informed the Arbitrator about a previous discussion with Eaton on the possibility of having Montemurro do a deposition in Canada. *Id.* at 5. Eaton confirmed that earlier in the week Azimuth had indicated it potentially wanted some other witnesses to appear by video. *Id.* at 7–8. Eaton was not comfortable with video and the procedural order indicated these matters had to be sorted out

3

by May 2018. *Id.* However, given Montemurro's personal circumstances, Eaton was open to him doing a video deposition or coming for live testimony at a later date. *Id.* at 6, 8.

Azimuth responded that having Montemurro testify by video might work but that Azimuth counsel would need to speak with him about his availability. *Id.* at 8. The Arbitrator responded that video seemed to make the most sense given the circumstances and costs associated with adjournment. *Id.* at 9–10. The following morning, when the Arbitrator asked for an update on Montemurro, Azimuth said they would withdraw him and did not think they would need him and could wrap up without him. *Id.* at 395.

Five days later, at a September 12, 2018 hearing, Azimuth sought to introduce a new rebuttal witness, David Pearce ("Pearce"). *Id.* at 552. Pearce was not listed on the witness list that was due by August 24, 2018, pursuant to Procedural Order No. 2. Doc. 28, 3; Ex. 8. Eaton objected to including Pearce's testimony into the evidentiary record on that basis. *Id.* at Ex. 4 at 554. Azimuth responded that Pearce might be able to discuss some of the same issues as Montemurro, and more importantly, to corroborate Van Steenbergen's testimony about a meeting with Eaton. *Id.* at 555. Arbitrator Cohen denied Azimuth's request to include Pearce as a rebuttal witness because the topic of the meeting had been proffered in advance, Pearce's testimony was not pure rebuttal in that it did not address new allegations that were not reasonably anticipated, and because Eaton objected to it. Doc. 28, Ex. 4 at 558–60. The parties had already contemplated that Van Steenbergen would testify to the subject of the meeting and Montemurro was not present at that meeting. *Id.* at 558.

On October 29, 2018, Arbitrator Cohen issued an Award in favor of Eaton. Doc. 1 ¶ 10; Ex. 3. Eaton filed the Petition to confirm the Award on November 28, 2018. Doc. 1. On January 11, 2019, Azimuth filed the instant motion to vacate the arbitration Award. Doc. 20.

4

Eaton requests that the Court order Azimuth to pay attorney's fees incurred in bringing the Petition and opposing the motion to vacate the Award. Doc. 28, 20.

## II. LEGAL STANDARD

A court's review of an arbitration award is very limited. Courts cannot review an arbitrator's decision on the merits, despite allegations that the decision contains factual errors or misinterprets the parties' agreement. *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987)). Courts are required to grant the award unless it is vacated, modified, or corrected. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9). The Federal Arbitration Act ("FAA"), states in relevant part that when arbitrators are guilty of misconduct in refusing to postpone a hearing, or refusing to hear pertinent evidence, or of any other misbehavior that prejudices the rights of any party, a district court may vacate an arbitration award upon the application of any party to the proceeding. 9 U.S.C. § 10(a)(3).

## III. DISCUSSION

While acknowledging the high burden of proof to vacate an arbitration award, Azimuth contends that their case is an exception to the rule. Doc. 20, 1. Azimuth alleges that Arbitrator Cohen was guilty of misconduct for failing to postpone the hearing when Montemurro became unavailable and for refusing to accept Pearce as a rebuttal witness. *Id.* at 9. Arbitrator Cohen allegedly showed manifest disregard for the law and showed favor to Eaton on these same issues and in her interpretation of the Placement Agreement. *Id.* at 12. Lastly, Azimuth asks the Court to enter judgment in its favor on the basis of breach of contract, violation of securities laws, fraudulent inducement of contract, and breach of confidentiality, among other claims. *Id.* at 14–23.

5

## A. The Arbitrator Was Not Guilty of Misconduct

Not every failure of an arbitrator to receive relevant evidence, such as excluding witness testimony, constitutes misconduct requiring vacatur. *Areca, Inc. v. Oppenheimer & Co.*, 960 F. Supp. 52, 54–55 (S.D.N.Y. 1997) (holding arbitrators have broad discretion under FAA § 10(a)(3) and need not allow every piece of evidence). When a party has had the opportunity to present all their evidence, and there is a wealth of evidence in the record to support the arbitration award, even an improper exclusion of testimony does not constitute a denial of a fundamentally fair hearing. *Pompano-Windy City Partners, Ltd. v. Bear Stearns & Co.*, 794 F. Supp. 1265, 1277–78 (S.D.N.Y. 1992). It is when the arbitrator refuses to accept evidence from a key witness that the misconduct can rise to the level required for vacatur. *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997).

In *Tempo Shain*, the arbitration panel excluded the testimony of a witness who became suddenly unavailable due to his wife's recurrence of cancer, but who had crucial information regarding the representations made during the negotiations and dealings between the parties. *Id.* at 17–18. The arbitration panel thought that the witness's testimony was cumulative because of certain documents on the record, however, the panel did not provide a reasonable basis for this determination as the evidentiary documents did not address the recriminations of prior misrepresentations during the contract negotiations. *Id.* at 19–20. As a result, the opposing party's representations of the contract negotiations went unrebutted and the arbitration panel issued an award against them. *Id.* at 20–21. Accordingly, excluding a key witness which causes the opposing party's crucial arguments to go unopposed is cause for vacating an arbitration award.

6

### a. Montemurro

The *Tempo Shain* analysis does not yield the same result for Montemurro. First, the exclusion of Montemurro, who was to testify on a topic that Mele and Van Steenbergen were also going to testify on, is not analogous to excluding a key witness. Doc. 28, Ex. 8; *Tempo Shain*, 120 F.3d at 20. When withdrawing Montemurro as a witness, Azimuth's counsel said, "I don't think that he is going to be needed." Doc. 28, Ex. 4 at 395. As Azimuth has not argued that a crucial part of their case went unrebutted because of Montemurro's absence, he was not a key witness.

Second, Azimuth never made a valid request for postponement. Doc. 28, Ex. 4 at 4–5. At the September 6, 2018 hearing, Azimuth informed the Arbitrator about Montemurro's lack of availability and set forth three options they were open to: (1) proceed with the case and check Montemurro's availability at the end of the week, (2) have Montemurro appear by video deposition from Canada, or (3) "it might be we need to adjourn next week." *Id.* Azimuth only made a tentative suggestion of adjournment and the Arbitrator never decided whether to postpone the hearing or not. Before the parties reached a decision on how to handle Montemurro's absence, Azimuth voluntarily withdrew him. *Id.* at 395. Therefore, Azimuth's claim that Arbitrator Cohen failed to postpone the hearing is rendered moot by their voluntary withdrawal of Montemurro. *See Rai v. Barclays Capital Inc.*, 456 F. App'x 8, 9 (2d Cir. 2011) (holding decision to voluntarily rest case rendered party's claim that arbitration panel committed error by not adjourning to allow witness to appear moot).

Third, Azimuth's argument that Arbitrator Cohen was guilty of misconduct for showing favor to the video suggestion does not match the transcript record. Azimuth was the first to bring up the idea of video testimony both to Eaton in a prior discussion and to the Arbitrator during the

hearing. Doc. 28, Ex. 5, 7. Eaton expressed discomfort with an adjournment but was willing to be flexible about a video deposition. *Id.* at 5, 8. Azimuth said that video might work and asked for more time to consult with Montemurro. *Id.* at 8. Nothing in the transcript shows that Azimuth would be forced to do a video deposition in favor of an adjournment. Instead, the transcript shows that Arbitrator Cohen engaged the parties in a brainstorming session on the best course of action. Even if the Arbitrator had in fact refused to adjourn the hearing and only allowed Montemurro to appear by video, this would not have constituted a deprivation of Azimuth's right to a fundamentally fair hearing. *See Bisnoff v. King*, 154 F. Supp. 2d 630, 639 (S.D.N.Y. 2001) (holding hearing was fundamentally fair even when arbitration panel refused to postpone hearing for unavailable witness when it provided witness with opportunity to appear by telephonic or video conference).

Accordingly, the Court does not find that Arbitrator Cohen refused to postpone the hearing or improperly sided with Eaton regarding a video deposition.

### b. Pearce

Similarly, the Arbitrator was not guilty of misconduct for refusing to allow Pearce as a rebuttal witness. The Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA Rules") provide that "[t]he Arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the Arbitrator to be cumulative or irrelevant." AAA Rule 34(b). Pearce's testimony was cumulative. During the September 12, 2018 hearing, Azimuth said that the scope of Pearce's testimony would principally be the September 27, 2016 meeting in response to one of Eaton's witnesses on the matter. Doc. 28, Ex. 4 at 552–53. Specifically, he would corroborate Van Steenbergen's testimony about the meeting and also discuss some of the topics Montemurro

was meant to testify on. *Id.* at 555. The topics Pearce was meant to discuss were already covered by Mele and Van Steenbergen, and so Pearce's rebuttal testimony was cumulative. *Id.* at 560. So, in fact, Azimuth wanted Pearce to corroborate its own witness, Van Steenbergen, and not rebut Eaton's opposing witness. *Id.* at 558. Azimuth has not demonstrated that Pearce was to provide non-cumulative testimony to support its case.

Additionally, Azimuth's request to include Pearce was procedurally deficient. *See Commercial Risk Reinsurance Co. Ltd. V. Security Ins. Co. of Hartford*, 526 F. Supp. 2d 424, 429–30 (S.D.N.Y. 2007) (holding arbitrator did not violate fundamental fairness by precluding witness that party did not disclose in accordance with procedural orders and made an untimely request to include). Azimuth does not cite any new allegations that Pearce was meant to rebut, pursuant to Procedural Order No. 4. Doc. 20, 12. Accordingly, he was not a true rebuttal witness. Additionally, Pearce was not listed as a fact witness by the August 24, 2018 deadline pursuant to Procedural Oder No. 2, and so Azimuth's request was untimely. Doc. 28, Ex. 5 ¶ 12–13; *id.* at Ex. 8. Thus, Arbitrator Cohen did not improperly exclude Pearce.

## B. The Arbitrator Did Not Disregard the Law

In some circumstances, a court may vacate an arbitration award where the arbitrator has manifestly disregarded the law, although such review "is severely limited." *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir. 1998). "Vacating an award for manifest disregard of the law is appropriate only in 'those exceedingly rare instance[s] where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply.'" *Hamilton v. Sirius Satellite Radio, Inc.*, 375 F. Supp. 2d 269, 274 (S.D.N.Y. 2005) (citation omitted). There are two non-statutory bases for vacating an arbitration award in this Circuit. An

arbitrator's award may be vacated where it is in manifest disregard of the law or of the terms of the parties' agreement. *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451–52 (2d Cir. 2011).

### a. Failure to Adjourn and to Allow Rebuttal Witness

As discussed above, the Arbitrator did not manifestly disregard the law by failing to adjourn because of Montemurro's absence or for failing to allow Pearce as a rebuttal witness, as it was Azimuth who voluntarily withdrew Montemurro and improperly sought to add Pearce.

### b. Terms of the Agreement

An arbitrator's interpretation of the contract terms cannot be overruled, even if the court disagrees with it, if the Arbitrator provided a "barely colorable justification" for it. *Schwartz*, 665 F.3d at 452 (quoting *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 222 (2d Cir. 2002)). Azimuth argues that the Arbitrator did not provide a colorable justification for her interpretation of the exclusivity and best efforts clauses. Doc. 20, 13. However, the record does not support Azimuth's allegation.

In the Award, Arbitrator Cohen found that in the Placement Agreement the term "exclusive" described the private placement of Azimuth's limited partnership interests and not the relationship between the parties. Doc. 1, Ex. 3 ¶ 72. In other words, Azimuth could only use Eaton as its placement agent, but Eaton was not under such a restriction. *Id.* Arbitrator Cohen also interpreted the "best efforts" clause to mean that Eaton was not precluded from promoting a competing fund because it was analogous to other large placement agents which represented multiple clients at once. *Id.* ¶¶ 83–84. As Arbitrator Cohen provided colorable justifications for her interpretation of the contract, this Court cannot overrule her decision. *See Westerbeke*, 304

F.3d at 214 ("The arbitrator's factual findings and contractual interpretation are not subject to judicial challenge....").

### C. The Court Cannot Enter a Judgment

Azimuth further asks the Court to enter judgment in its favor. Doc. 20, 14. Having found that vacatur is not appropriate in this case, the Court declines to address whether the judgment should have been entered in Azimuth's favor. More importantly, this request goes beyond the Court's authority. *Major League Baseball Players*, 532 U.S. at 509 ("Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement."); *see also* FAA § 10 *et seq.*

## IV. CONCLUSION

For the aforementioned reasons, Azimuth's motion to vacate the arbitration award is DENIED. The Award is CONFIRMED and Eaton is awarded reasonable attorney's fees. Eaton is directed to submit its request for attorney's fees by **October 24, 2019**. Azimuth may respond to the request for attorney's fees by **November 25, 2019**. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 19.

It is SO ORDERED.

Dated: October 18, 2019
*Nunc pro tunc* to September 24, 2019
New York, New York

Edgardo Ramos, U.S.D.J.

11